IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC LANDSTAR INVESTMENTS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>LOURIA JONES,<br><br>    Defendant. | Case No. 13-5055 JSC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Plaintiff brought this state law unlawful detainer action against Defendant in the Superior Court of California for the County of Alameda seeking to evict Defendant from real property located in Oakland. Defendant Louria Jones, representing herself, subsequently purported to remove the action to this Court on the basis of diversity jurisdiction. Now pending before the Court is Plaintiff's motion to remand this action back to state court. Because the Court finds the motion suitable for disposition without oral argument pursuant to Local Rule 7–1(b), the Court VACATES the hearing set for December 12, 2013. For the reasons stated below, the Court GRANTS the motion.[1]

---

[1] The parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

**DISCUSSION**

Defendant, as the party seeking removal to this federal court, bears the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Complete diversity means that "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004).

Defendant has not established that the parties are diverse. Although the removed complaint is silent as to Plaintiff's citizenship, Defendant's Notice of Removal states that Plaintiff is "a Corporation doing business in California," and that Plaintiff is a resident of California. (Dkt. No. 1 ¶¶ 5-6.) Rather than establish that the parties are diverse, Defendant's Notice demonstrates that they are citizens of the same state. Moreover, even if diversity existed, removal would still be improper because Defendant, an apparent California resident, is precluded from removing an action where she is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b)(2).

While Defendant does not base removal on federal question jurisdiction, such an assertion would likewise fail. "Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, 2012 WL 2077311, at *1 (N.D. Cal. June 8, 2012). The removed complaint makes only a state law claim for unlawful detainer. (Dkt. No. 1, p. 6.) Therefore, this Court does not have federal question jurisdiction. *ING Bank, FSB,* 2012 WL 2077311, at *1.

**CONCLUSION**

Based on the foregoing, the Court GRANTS Plaintiff's motion and REMANDS this action to Superior Court of California for the County of Alameda.

The Clerk is directed to close the case.

**IT IS SO ORDERED.**

2

Dated:   December 10, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE